T. C. FULLER PLYWOOD COMPANY *v.* MOFFETT

No. 40509       May 27, 1957       95 So. 2d 475

*Welch, Gibbes & Graves,* Laurel, for appellant.

*Collins & Odom,* Laurel, for appellee.

HOLMES, J.

This appeal involves the right of a claimant who has been accorded an award of compensation benefits under the Mississippi Workmen's Compensation Law to re-

cover a penalty of twenty percent on the amount of the award for an alleged delay in the payment of the award.

On October 7, 1954, the appellee, Pete Moffett, was employed by the appellant, T. C. Fuller Plywood Company, Inc. On that date he sustained an injury arising out of and in the course his employment and he applied for compensation benefits. A hearing before the attorney-referee was had on October 10, 1955, and the attorney-referee, by order dated October 21, 1955, awarded to the claimant, appellee here, compensation for total and permanent disability at the rate of $19.22 per week beginning October 7, 1954, not to exceed the maximum provided by the statute, and in addition thereto he was awarded medical benefits.

A hearing was had before the full commission on January 18, 1956, to review the order of the attorney-referee. On January 23, 1956, the Commission entered an order affirming the award of the attorney-referee. No appeal was taken to the circuit court from the order of the Commission awarding compensation.

On February 16, 1956, the insurance carrier, United States Fidelity & Guaranty Company, mailed to the claimant, Pete Moffett, and Collins and Odom, his attorneys, a draft for a sum intended to bring the compensation payments to date. This draft was refused by the claimant and returned to the carrier. The draft was mailed more than fourteen days after the order of the Commission was entered, but within thirty days from the date of said order.

On February 25, 1956, the claimant filed a petition with the Commission praying that the Commission declare the entire award due and payable under the provisions of Section 6998-25, Code of 1942, and that the Commission award the claimant twenty percent of the amount of the award under the provisions of Section 6998-19(f), Code of 1942.

The Commission denied the petition of the claimant and the claimant appealed to the circuit court. The circuit court reversed the order of the Commission only insofar as it denied the penalty and adjudged that the claimant was entitled to recover the penalty, and assessed the costs in the circuit court equally against the parties. From this action of the circuit court, the employer and carrier appealed to this Court and the claimant prosecuted a cross-appeal, complaining that the circuit court was in error in assessing equally against the parties the costs in the circuit court.

The sole question presented on the direct appeal is whether or not the twenty percent penalty provided for in the Workmen's Compensation Act should be assessed against appellants where they complied with the Commission's award twenty-three days after the date of the award and seven days before the time for the statutory right of appeal from the award had expired, there being no appeal from the order of the Commission granting the award.

The pertinent provisions of the act involved are as follows:

Section 6998-19(f), Code of 1942, provides that if any installment payable under the terms of an award is not paid within 14 days after it becomes due, then there shall be added to such unpaid installment an amount equal to twenty percent thereof which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had.

Section 6998-26, Code of 1942, provides as follows: "The final award of the Commission shall be conclusive and binding unless either party to the controversy shall within thirty days from the date of its filing in the office of the Commission and notification to the parties appeal therefrom to the circuit court of the county in

which the injury occurred. . . . . An appeal from the commission to the circuit court shall not act as a supersedeas unless the court to which such appeal is directed shall so direct and then upon such terms as such court shall direct.''

It is the contention of the claimant that there was no appeal from the order of the Commission entered on January 23, 1956, and that the mailing of the draft intended to cover compensation benefits to date on February 16, 1956, constituted a default on the part of the carrier in that the award was not paid within fourteen days after the date of the order. The claimant argues that said Section 6998-19(f) providing the penalty of 20% of the award if not paid within fourteen days after it becomes due is plain and unambiguous and should be construed as written.

On the other hand, the appellants contend that they had 30 days from the date of the order of the Commission in which to determine whether they would appeal therefrom to the circuit court and apply for supersedeas, and that they made this determination within said period of thirty days, and that the order of the Commission did not become final until the expiration of the statutory period allowed for appeal.

The solution of the question presented on direct appeal involves a construction of the two code sections mentioned, namely, Sections 6998-19(f) and 6998-26 of the Code of 1942. If the contention of the claimant is sustained, it would mean that the appellants were required to pay the award within fourteen days of the date of the Commission's order even though they had thirty days from the date of the order in which to determine whether they would appeal and apply for supersedeas. Such a construction would render the two sections in conflict with each other, and it cannot be presumed that the legislature intended to enact conflicting provisions

of the act. ██ It is a well recognized rule in construing statutes that presumptions are indulged against contradictory provisions or enactments. 82 C. J. S., Statutes, p. 547. ██ The two sections should, therefore, be considered together and so construed as to harmonize with each other if such can be reasonably done. We think there is no difficulty in so construing the two sections as to bring them in harmony with each other. The fallacy of the claimant's position is that he treats as final the order of the Commission on the date it was entered. This disregards the plain provisions of Section 6998-26 allowing to the aggrieved party thirty days in which to appeal and apply for a supersedeas. This section says *"that the final award of the commission shall be conclusive and binding unless"* either party shall within thirty days appeal. (Emphasis ours). We think that this language of the section clearly evinces a legislative intent to postpone the conclusiveness and finality of the order until the expiration of the thirty days allowed for appeal.

██ We are further of the opinion that Section 6998-19(f), Code of 1942, providing that the twenty percent penalty shall be assessed if any installment payable under the terms of an award is not made within fourteen days after it becomes due should be and it is construed to mean that the said period of fourteen days shall be calculated from the date the order making the award becomes final.

██ We therefore hold that under the statutes here being reviewed the appellants had thirty days from the date of the Commission's order in which to appeal or comply with the award, and having complied with the award within said period of thirty days, they incurred no liability for the twenty percent penalty provided in said Section 6998-19(f). In determining the question here presented, it is to be borne in mind that it is a well recognized

rule that presumptions are against one seeking the enforcement of a statutory penalty and that all questions of doubt are to be resolved in favor of one against whom the penalty is sought. In 70 C. J. S., page 391, appears the following: "Every presumption is against one seeking to enforce a statutory penalty, and all questions of doubt must be resolved in favor of those from whom the penalty is sought."

We accordingly conclude that the learned circuit judge was in error in reversing the Commission as to that part of its order which denied the right to recover the twenty percent penalty.

■■ ■ The appellee has prosecuted a cross-appeal, complaining that the circuit court erred in assessing equally against the parties the costs accruing in the circuit court. It is the contention of the appellee that he was the successful party in the circuit court and was, therefore, entitled to a judgment in his favor as to the costs. The record discloses, however, that the appellee was not wholly the successful party in the circuit court. He prevailed as to his contention that he was entitled to recover the twenty percent penalty, but he did not prevail as to his contention that the entire award shoud be adjudged to be due and payable. As conceded by the appellee, there is no provision in our Workmen's Compensation Act authorizing the circuit court under the facts of this case to make an apportionment of the costs. In the absence of such provision, however, Section 1593 of the Mississippi Code of 1942 becomes applicable. It reads as follows:

"If a case shall occur in any court not embraced expressly or by fair implication in some provision of law, the court may make such order for the payment of costs by any of the parties as, in its discretion, may be proper; and every court may protect a party from being taxed

with the fees and costs with an excessive number of witnesses summoned at the instance of his adversary.''

We are of the opinion that the circuit court was authorized under the section just quoted to apportion the costs between the parties and we find no reversible error in the circuit court's action in so doing. We think, therefore, that the cross-appeal of the appellee is not well founded.

It follows from the views expressed that the judgment of the circuit court is reversed on direct appeal and judgment entered here denying the claimed penalty, and that the cause is affirmed on cross-appeal.

Reversed on direct appeal and judgment here denying the claimed penalty, and affirmed on cross-appeal.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.