# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CT-00529-SCT

*ROBIN HARPER, INDIVIDUALLY AND ON*
*BEHALF OF REIJAH HARPER, A MINOR*

*v.*

*CAL-MAINE FOODS, INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/28/2008 |
| TRIAL JUDGE: | HON. BOBBY BURT DELAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL M. WILLIAMS |
| ATTORNEYS FOR APPELLEE: | ANDY LOWRY |
| | ROBERT P. THOMPSON |
| | JANET G. ARNOLD |
| | CARYN LYNNE MILNER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS REINSTATED AND AFFIRMED - 06/17/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

**DICKINSON, JUSTICE, FOR THE COURT**:

¶1. We granted certiorari to address the question of whether an unappealed award of the Workers' Compensation Commission becomes final when rendered, or at the expiration of the thirty-day appeal period. If the former, the statute of limitations on petitioner's bad-faith lawsuit expired and, if the latter, it did not.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.   We borrow and here restate the Court of Appeals' excellent recitation of this case's

factual background:

At the time of his death, Ricky Harper was employed by Cal-Maine as a supervisor at a chicken-breeding farm in Hinds County, Mississippi. Cal-Maine assigned Ricky a vehicle that he was allowed to use at his discretion. Ricky normally worked from 7:00 a.m. to 3:30 p.m. and would sometimes be called to work additional hours in emergency situations. On December 1, 2000, Ricky completed his workday at approximately 3:45 p.m. and proceeded home. While en route, Ricky was shot and killed after stopping on Bush Bottom Road. When Ricky died, he was married to Robin, who was pregnant with his son, Reijah. Reijah was born on March 15, 2001.

On October 22, 2001, Robin, individually and on behalf of Reijah, filed a petition to controvert with the Mississippi Workers' Compensation Commission (Commission). An administrative law judge (ALJ) conducted a hearing on September 13, 2002, and concluded that the "going and coming rule" was implicated because Ricky was driving a company-issued vehicle when he was killed while en route to his home. Therefore, the ALJ found that Ricky's death was work related. The ALJ awarded Robin a lump-sum payment of $250 and found that Robin and Reijah were entitled to receive reasonable funeral expenses, not to exceed $2,000. The ALJ also awarded Robin benefits of $289.43 per week and ordered that the benefits commence on December 1, 2000, and continue for 450 weeks. However, should Robin die or remarry during the 450-week period, Reijah would receive benefits of $96.48 per week for the remainder of the 450-week period.

Cal-Maine appealed to the full Commission, which affirmed the ALJ's order on July 9, 2003. Cal-Maine did not appeal and paid the benefits to Robin and Reijah on August 26, 2003. On August 4, 2006, Robin filed a complaint in the Hinds County Circuit Court against Cal-Maine, alleging bad faith for failing to timely pay workers' compensation benefits as required by statute. On September 22, 2007, Cal-Maine filed a motion for summary judgment wherein it asserted that Robin's claim was governed by Mississippi's general three-year statute of limitations and that the statutory period had expired on July 9, 2006.

2

The Hinds County Circuit Court agreed and entered an order granting Cal-Maine's motion for summary judgment.[1]

¶3. The Court of Appeals reversed, holding that the statute of limitations began to run only after Mississippi Code Section 71-3-51's thirty-day appeal period lapsed.[2] But because we must give effect to the precise statutory language involved, we reverse the Court of Appeals and reinstate and affirm the judgment of the trial court.

## ANALYSIS

¶4. We employ a de novo standard of review for a trial court's grant of summary judgment. In doing so, we are mindful that

> [s]ummary judgment is appropriate if the evidence before the Court -- admissions in the pleadings, answers to interrogatories, depositions, affidavits, etc.- - shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. This Court does not try issues on a Rule 56 motion, but only determines whether there are issues to be tried. In reaching this determination, the Court examines affidavits and other evidence to determine whether a triable issue exists, rather than the purpose of resolving that issue.

*Miss. Gaming Comm'n v. Treasured Arts*, 699 So. 2d 936, 938 (Miss. 1997) (internal citations omitted).

¶5. Because Mississippi has no statute of limitations specific to bad-faith mishandling of a worker's compensation claim, our three-year catchall statute of limitations applies. Miss. Code Ann. § 15-1-49 (Rev. 2003). The Court of Appeals correctly noted that, under Mississippi law, claimants are required "to exhaust their administrative remedies, i.e., obtain

---

[1]*Harper v. Cal-Maine Foods, Inc.*, _____ So. 3d _____, 2009 WL 1856996 (Miss. Ct. App., June 30, 2009) (footnotes omitted).

[2]*Id.* at *3.

3

a final judgment from the Commission prior to instituting a bad-faith action for failure to pay benefits pursuant to the Workers' Compensation Act." **Harper**, 2009 WL 1856996, at *3; *see also* **Bullock v. AIU Ins. Co.**, 995 So. 2d 717, 718 (Miss. 2008).

¶6.     Absent some argument for tolling, the statute of limitations for a bad-faith claim against an employer or insurance company for failure to pay benefits begins to run when the Commission renders final judgment.[3]  Thus, the question becomes when an award of the Commission becomes final.

¶7.     The issue is controlled by Section 71-3-51 of the Mississippi Code, which provides in part:

> The final award of the commission shall be conclusive and binding <u>unless</u> either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.

Miss. Code Ann. § 71-3-51 (Rev. 2000) (emphasis added).  Relying on language in **T. C. Fuller Plywood Co. v. Moffett**,[4] the Court of Appeals concluded that award of the Commission did not become final until the thirty-day appeal period had elapsed.  **Harper**, 2009 WL 1856996, at *3.

¶8.     In **T.C. Fuller**, Pete Moffett was injured while working for T.C. Fuller Plywood Company and was awarded benefits under the Workmen's[5] Compensation Act.  **T.C. Fuller**,

---

[3]Should a party appeal the Commission's final judgment, the statute of limitations does not begin to run until a final mandate has issued from the appeals process.

[4]231 Miss. 382, 95 So. 2d 475 (1957).

[5]In 1984, subsequent to this Court's decision in **T. C. Fuller**, the Legislature changed the name from "Workmen's Compensation Act" to "Workers' Compensation Act."

95 So. 2d at 476-77. The insurance company tendered payment to bring the claim up-to-date twenty-three days later. *Id.* at 477. Moffett refused the payment, and filed a petition with the Commission requesting that the whole award be declared due. *Id.* Moffett also requested that the Commission award him an additional twenty percent of the award as a statutory penalty provided for by section 6998-19(f) of the Mississippi Code of 1942 as annotated and amended.[6] "The sole question presented . . . [was] whether or not the twenty percent penalty provided in the Workmen's Compensation Act should be assessed against appellants where they complied with the Commission's award twenty-three days after the date of the award and seven days before the time for the statutory right of appeal from the award had expired, there being no appeal from the order of the Commission granting the award." *Id.*

¶9.     The *T.C. Fuller* Court failed to address the issue of when an award becomes final for the purposes of the statute of limitations for bringing a bad-faith suit. Rather, it simply "held that" under the statutes being reviewed, the appellants had thirty days from the date of the Commission's order in which to appeal or comply with the award, and having complied with the award within said period of thirty days, they incurred no liability for the twenty-percent penalty provided in Section 6998-19(f). *Id.* at 478. Thus, *T.C. Fuller* is easily distinguished from the question presented today.

---

[6]Section 6998-19(f) of the Code of 1942 read as follows:

> If any installment payable under the terms of an award is not paid within 14 days after it becomes due, then there shall be added to such unpaid installment an amount equal to twenty percent thereof which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had.

*Id.* This section is now codified as Mississippi Code Annotated Section 71-3-37(6) (Rev. 2000).

¶10. In this case, the Court of Appeals found that, because the Commission's order was appealable, it was not final. *Harper*, 2009 WL 1856996, at *3. However, no citation of authority is required for the proposition that, unless and until an order or judgment is final, it cannot be appealed. Thus, it would be inconsistent to say that appealable orders are not final.

¶11. In *Bullock*, we examined whether an administrative law judge's order was "final" for purposes of determining when the statute of limitations began to run for the plaintiff's claim for bad-faith refusal to provide workers' compensation benefits. *Bullock*, 995 So. 2d at 721. The order determined the issue of liability, but did not address compensation. *Id.* at 721-22. We held that "[b]ecause the [order controlled by Mississippi Code Annotated § 71-3-47][7] did not make or deny an award and was interlocutory, it did not constitute a final order from which the statute of limitations commenced to run." *Id.* at 723.

¶12. In attempting to compare the case before us today with *Bullock*, the dissent misreads Section 71-3-51 to state that "the award/decision at issue 'shall be' final . . . ." In fact, Section 71-3-51 says "The final award of the commission shall be conclusive and binding unless . . . ." Miss. Code Ann. § 71-3-51 (Rev. 2000). Thus, unlike Section 71-3-47, this

---

[7]Section 71-3-47 provides in part:

Upon the conclusion of any such hearing, the commission's representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. This decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed.

Miss. Code Ann. § 71-3-47 (Rev. 2000).

section recognizes that the commission's decision <u>is final</u>, not (as the dissent misreads) that it shall be final. And – unlike the interim administrative law judge's decision involved in *Bullock* – the Commission's final judgment on July 9, 2003, marked the end of the Commission's involvement in the case.

¶13. The plain language of Section 71-3-51 provides that "the *final* award of the commission *shall* be conclusive and binding *unless* . . . either party . . . shall appeal. . . . ." Miss. Code Ann § 71-3-51 (Rev. 2000) (emphasis added). Since no party appealed, the "unless" qualifier is irrelevant, and according to the statute's very specific, unambiguous language, the Commission's award was "final" and "conclusive and binding." The "final . . . conclusive . . . binding" award of the Commission took place on July 9, 2003. This suit was filed more than three years later, and therefore is time-barred.

<strong>CONCLUSION</strong>

¶14. The issue in this case is controlled by the language in Section 71-3-51, which clearly states:

> the final award of the commission shall be conclusive and binding unless either party . . . shall . . . appeal. . . .

Miss. Code Ann. § 71-3-51 (Rev. 2000). No one appealed. The Commission's award (rendered July 9, 2003) was final, conclusive, and binding. Since suit was filed more than three years later, it was time-barred. The judgment of the Court of Appeals is reversed, and the trial court's grant of summary judgment is reinstated and affirmed.

¶15. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS REINSTATED AND AFFIRMED**.

**WALLER, C.J., CARLSON, P.J., LAMAR AND CHANDLER, JJ., CONCUR. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY RANDOLPH, KITCHENS AND PIERCE, JJ.**

**GRAVES, PRESIDING JUSTICE, DISSENTING:**

¶16. Based on this Court's long-standing interpretation of Mississippi Code Section 71-3-51, I must disagree with the majority's interpretation of this statute. *T. C. Fuller v. Moffett*, issued by this Court more than fifty years ago, held that the language of Section 71-3-51 "clearly evinces a legislative intent to postpone the conclusiveness and finality of the [Commission's] order until the expiration of the thirty days allowed for appeal." *T. C. Fuller v. Moffett*, 95 So. 2d 475, 478 (Miss 1957). This Court recently reaffirmed this holding in *Bullock v. AIU Insurance Company*, where, in interpreting a statute strikingly similar to Section 71-3-51, it found that a decision awarding benefits "*becomes* final" if neither party appeals within the allowable time period. *Bullock v. AIU Ins. Co.*, 995 So. 2d 717, 721 (Miss. 2008) (emphasis added). Therefore, I conclude that the Commission's award did not become final until the thirty-day appeal period specified in the statute had lapsed, and thus the statute of limitations on Harper's bad-faith action did not start running until the end of that appeal period. Accordingly, I must respectfully dissent and would affirm the Court of Appeals' decision, which found that Harper's bad-faith action is not time-barred.

¶17. This Court has held that a workers' compensation claimant must receive a favorable determination as to compensation before being able to bring a bad-faith action in circuit court for failure to pay workers' compensation benefits. Citing and reaffirming past opinions, this Court recently explained:

8

We recognize that our precedent requires only a determination that a plaintiff is "entitled" to compensation before a bad-faith action may be brought. ***Walls v. Franklin Corp.***, 797 So. 2d 973 (Miss. 2001); ***McCain v. Northwestern Nat'l Ins.***, 484 So. 2d 1001, 1002 (Miss. 1986) ("[a] prerequisite to the award of punitive damage is the determination that the plaintiff is entitled to contractual damages"); ***Dial v. The Hartford Accident and Indem. Co.***, 863 F. 2d 15, 17 (5th Cir. 1989) ("[The plaintiff] must exhaust the administrative remedy provided and establish his entitlement to workers' compensation in that process prior to commencing a court action for tort damages for the same failure to pay his claim."); ***Miss. Power & Light, Co. v. Cook***, 832 So. 2d 474, 480 (Miss. 2002) ("Really the only test set out [for damages for bad faith] is whether the injury is compensable . . . .").

***Bullock***, 995 So. 2d at 723. Thus, not until there is a determination that a claimant is entitled to workers' compensation benefits, can a claimant bring a bad-faith claim and will the statute of limitations on the bad-faith claim begin to run. The key question, therefore, is at what point does a claimant become entitled to workers' compensation benefits.

¶18. More than fifty years ago, in ***T. C. Fuller***, this Court established that a claimant does not become entitled to an award of workers' compensation benefits until the thirty-day appeal period specified in Section 71-3-51 has lapsed. ***T. C. Fuller***, 95 So. 2d at 478. The ***T. C. Fuller*** court held that an award (or any installment on an award) becomes due and payable at the end of the thirty-day appeal period, not on the date the award was issued. ***Id.*** In making this finding, the ***T. C. Fuller*** court had to interpret the language used in Section 71-3-51.[8] It held:

> This section says that '*the final award of the commission shall be conclusive and binding unless*' either party shall within thirty days appeal. (Emphasis ours.) We think that this language of the section clearly evinces a legislative

---

[8] The ***T. C. Fuller*** Court had to interpret Section 6998-26, Code of 1942. Section 6998-26 is the statute from which Section 71-3-51 was derived, and it includes language identical to the relevant language of Section 71-3-51.

intent to postpone the conclusiveness and finality of the order until the expiration of the thirty days allowed for appeal.

*Id.* Thus, this Court has long held that an award of the Commission does not become final until the end of the thirty-day appeal period.

¶19.   This Court recently reaffirmed this holding in ***Bullock***.  The ***Bullock*** court, tasked with determining when the statute of limitations on Bullock's bad-faith claim began to run, had to interpret Mississippi Code Section 71-3-47, a statute strikingly similar to Section 71-3-51 but regarding the appeal period following the decision of the administrative law judge (i.e., the Commission's representative) as opposed to the appeal period following the decision of the Commission.  Section 71-3-47, in pertinent part, provides:

> Informal conferences and hearings in contested cases may be conducted by a duly designated representative of the commission.  Upon the conclusion of any such hearing, the commission's representative shall make or deny an award, and file the decision in the office of the commission.  Immediately after such filing, a notice of decision shall be sent to all interested parties.  *This decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed.*

Miss. Code. Ann. § 71-3-47 (Rev. 2000) (emphasis added).  The ***Bullock*** court, immediately after quoting this statutory language, explained: "The statute provides that it is the decision to 'make or deny an award' which *becomes* final *if* a petition for review is not sought within twenty days."  ***Bullock***, 995 So. 2d at 721 (citing Miss. Code. Ann. § 71-3-47 (Rev. 2000)) (emphasis added).  In other words, the decision of the Commission's representative does not become final until the end of the twenty-day period within which the parties may appeal.

¶20.   Recall that Section 71-3-51 – the statute at issue in the instant case – provides in pertinent part:

> The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.

Miss. Code. Ann. § 71-3-51 (Rev. 2000). Both Section 71-3-47 and Section 71-3-51 state that the award/decision at issue "shall be" final, conclusive, and binding "unless" either party appeals the award within the time period set forth in the statute. As just explained, in *Bullock*, this Court interpreted this language to mean that the award "*becomes* final" if neither party appeals within the allowable time period. *Bullock*, 995 So. 2d at 721 (emphasis added). Thus, it follows that Section 71-3-51 provides that the award of the Commission *becomes* final, conclusive, and binding if (and only if) neither party appeals the Commission's award within thirty days.

¶21. Therefore, in the instant case, the Commission's award did not become final, conclusive, and binding until the thirty-day appeal period lapsed, which means that Harper could not have brought her bad-faith action – and the statute of limitations on her bad-faith action did not start running – until the end of the thirty-day appeal period.

¶22. Accordingly, based on this Court's long-standing, recently-reaffirmed precedent, I must respectfully dissent and would affirm the Court of Appeals' decision finding that Harper's bad-faith action is not time-barred.

**RANDOLPH, KITCHENS AND PIERCE, JJ., JOIN THIS OPINION.**

11