IRVING, J.,
for the Court.
¶ 1. The Hinds County Circuit Court granted summary judgment to Cal-Maine Foods, Inc., (Cal-Maine) after determining *458 that Robin Harper’s claim against Cal-Maine for its bad-faith refusal to pay statutory workers’ compensation benefits following the death of her husband was barred by the statute of limitations. Aggrieved, Robin appeals and asserts that the trial court erred in finding that her claim was time-barred.
¶ 2. We reverse the summary judgment and remand the case, as we conclude that summary judgment was improperly granted.
FACTS
¶ 3. At the time of his death, Ricky Harper was employed by Cal-Maine as a supervisor at a chicken-breeding farm in Hinds County, Mississippi. Cal-Maine assigned Ricky a vehicle that he was allowed to use at his discretion. Ricky normally worked from 7:00 a.m. to 3:30 p.m. and would sometimes be called to work additional hours in emergency situations. On December 1, 2000, Ricky completed his workday at approximately 3:45 p.m. and proceeded home. While en route, Ricky was shot and killed after stopping on Bush Bottom Road.[1] When Ricky died, he was married to Robin, who was pregnant with his son, Reijah. Reijah was born on March 15, 2001.
¶ 4. On October 22, 2001, Robin, individually and on behalf of Reijah, filed a petition to controvert with the Mississippi Workers’ Compensation Commission (Commission). An administrative law judge (ALJ) conducted a hearing on September 13, 2002, and concluded that the “going and coming rule”[2] was implicated because Ricky was driving a company-issued vehicle when he was killed while en route to his home. Therefore, the ALJ found that Ricky’s death was work related. The ALJ awarded Robin a lump-sum payment of $250 and found that Robin and Reijah were entitled to receive reasonable funeral expenses, not to exceed $2,000. The ALJ also awarded Robin benefits of $289.43 per week and ordered that the benefits commence on December 1, 2000, and continue for 450 weeks. However, should Robin die or remarry during the 450-week period, Reijah would receive benefits of $96.48 per week for the remainder of the 450-week period.
¶ 5. Cal-Maine appealed to the full Commission, which affirmed the ALJ’s order on July 9, 2003. Cal-Maine did not appeal and paid the benefits to Robin and Reijah on August 26, 2003.[3] On August 4, 2006, Robin filed a complaint in the Hinds County Circuit Court against Cal-Maine, alleging bad faith for failing to timely pay workers’ compensation benefits as required by statute. On September 22, 2007, Cal-Maine filed a motion for summary judgment wherein it asserted that Robin’s claim was governed by Mississippi’s general three-year statute of limitations and that the statutory period had expired on July 9, 2006. The Hinds Coun *459 ty Circuit Court agreed and entered an order granting Cal-Maine’s motion for summary judgment.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. In Spartan Foods Systems, Inc. v. American National Insurance Co., 582 So.2d 899, 402 (Miss.1991), the Mississippi Supreme Court held:
In determining whether the entry of summary judgment by the trial court was appropriate, this Court reviews the grant of summary judgment de novo. The evidentiary matters — admissions in pleadings, answers to interrogatories, depositions, affidavits — are viewed in the light most favorable to the nonmoving party, as he is given the benefit of every reasonable doubt. If after this examination, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, then summary judgment is affirmed. If after examining the evidentiary matters there is a genuine issue of material fact, then the grant of summary judgment is reversed. (citations omitted).
¶ 7. In her sole issue before this Court, Robin contends that the trial court erred in finding her claim time-barred. Robin argues that pursuant to Mississippi Code Annotated section 71-8-51 (Rev.2000), the decision of the Commission did not become final until after the time for appeal had lapsed. Section 71-3-51 provides, in part, that:
The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.
¶ 8. In support of her position, Robin cites T.C. Fuller Plywood Co. v. Moffett, 231 Miss. 382, 95 So.2d 475 (1957). In T.C. Fuller, Pete Moffett was awarded benefits under the Mississippi Workmen’s Compensation Act after sustaining an injury while working for T.C. Fuller Plywood Company, Inc. Id. at 385, 95 So.2d at 476. However, when T.C. Fuller’s insurance carrier sent the first payment to Moffett within twenty-three days of the award, Moffett refused to accept it and filed a petition with the Commission wherein he requested that the Commission declare the entire award due. Id. at 385, 95 So.2d at 477. Moffett also requested that the Commission award him twenty percent of the amount of the award under the provisions of section 6998-19(0 of the Mississippi Code of 1942 as annotated and amended.[4] Id. The Commission denied Moffett’s petition. Id. at 386, 95 So.2d at 477. Moffett appealed to the circuit court, which reversed the order of the Commission and assessed the costs in the circuit court equally against the parties. Id. Thereafter, T.C. Fuller appealed to the Mississippi Supreme Court, and Moffett filed a cross-appeal. The supreme court framed the issue on direct appeal as follows:
The sole question presented ... is whether or not the twenty percent penalty provided for in the Workmen’s Compensation Act should be assessed *460 against appellants where they complied with the Commission’s award twenty-three days after the date of the award and seven days before the time for the statutory right of appeal from the award had expired, there being no appeal from the order of the Commission granting the award.

Id.

¶ 9. In reaching its decision, the supreme court quoted section 6998-26 of the Code of 1942 as annotated and amended[5] and stated that the language of the section “clearly evinces a legislative intent to postpone the conclusiveness and finality of the order until the expiration of the thirty days allowed for appeal.” Id. at 388, 95 So.2d at 478. The court specifically held:
[U]nder the statutes here being reviewed the appellants had thirty days from the date of the Commission’s order in which to appeal or comply with the award, and having complied with the award within said period of thirty days, they incurred no liability for the twenty[-]percent penalty provided in said Section 6998 — 19(f).

Id.

¶ 10. Robin and Cal-Maine recognize that Mississippi law requires claimants to exhaust their administrative remedies, i.e., obtain a final judgment from the Commission prior to instituting a bad-faith action for failure to pay benefits pursuant to the Workers’ Compensation Act. However, they disagree as to when an order of the Commission becomes final. Robin, relying on T.C. Fuller, contends that the Commission’s order did not become final until after the thirty-day appeal period had expired, or until August 9, 2003. On the other hand, Cal-Maine contends that the Commission’s order became final on July 9, 2003, the day that it was entered. Cal-Maine bases its argument on its contention that Robin exhausted her administrative remedies on July 9, 2003, when she obtained a favorable ruling from the Commission and asserts that Robin, as the prevailing party, could have taken no further action.
¶ 11. We conclude that Robin’s action was not time-barred, as the Legislature could not have intended for the decision of the Commission to become final prior to the expiration of the thirty-day appeal period. Such a conclusion would mean that a decision of the Commission would become final even though section 71-3-51 provides both parties to the controversy the right to appeal. This result could not have been what the Legislature intended. Accordingly, we conclude, as did the court in T.C. Fuller, that the Legislature intended to “postpone the conclusiveness and finality of the order until the expiration of the thirty days allowed for appeal.” T.C. Fuller, 231 Miss, at 388, 95 So.2d at 478. Therefore, the judgment of the Hinds County Circuit Court, granting Cal-Maine’s motion for summary judgment on the basis that Robin’s complaint was time-barred, is reversed, and the case is remanded for further proceedings, as we find that Robin’s complaint was filed within three years of the date that the Commission’s judgment became conclusive and binding.
*461 ¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED, AND THE CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS AND MAXWELL, JJ., NOT PARTICIPATING.

. The Hinds County Sheriff's Department conducted an investigation and surmised that Ricky stopped to assist a stranded motorist. Although no motive was conclusively established, the sheriff's department noted that Ricky’s wallet was missing. At the time of this hearing, no one had been arrested in connection with Ricky’s murder.

. See Dependents of Roberts v. Holiday Parks, Inc., 260 So.2d 476, 478 (Miss.1972).

.Subsections (1), (2), and (4) of Mississippi Code Annotated section 71-3-37 (Supp.2008) require an employer to pay benefits, without the necessity of an award, within fourteen days after the employer has notice of an injury or death, unless the employer controverts the claim within fourteen days of receiving notice of the injury or death. The ALJ found that Cal-Maine received notice of Ricky’s death within twenty-four hours of its occurrence.

. Section 6998-19(f) of the Code of 1942 read as follows:
If any installment payable under the terms of an award is not paid within 14 days after it becomes due, then there shall be added to such unpaid installment an amount equal to twenty percent thereof which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had.
T.C. Fuller, 231 Miss. at 386, 95 So.2d at 477. This section is now codified as Mississippi Code Annotated section 71-3-37(6) (Rev. 2000).

. Section 6998-26 of the Code of 1942 read as follows:
The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.
T.C. Fuller, 231 Miss. at 386, 95 So.2d at All. Section 6998-26 is now codified as Mississippi Code Annotated section 71-3-51 (Rev. 2000).