GRAVES, Presiding Justice,
dissenting:
¶ 16. Based on this Court’s long-standing interpretation of Mississippi Code Section 71-3-51, I must disagree with the majority’s interpretation of this statute. T.C. Fuller v. Moffett, issued by this Court more than fifty years ago, held that the language of Section 71-3-51 “clearly evinces a legislative intent to postpone the conclusiveness and finality of the [Commission’s] order until the expiration of the thirty days allowed for appeal.” T.C. Fuller v. Moffett, 231 Miss. 382, 95 So.2d 475, 478 (1957). This Court recently reaffirmed this holding in Bullock v. AIU Insurance Company, where, in interpreting a statute strikingly similar to Section 71-3-51, it found that a decision awarding benefits “becomes final” if neither party appeals within the allowable time period. Bullock v. AIU Ins. Co., 995 So.2d 717, 721 (Miss.2008) (emphasis added). Therefore, I con- *406 elude that the Commission’s award did not become final until the thirty-day appeal period specified in the statute had lapsed, and thus the statute of limitations on Harper’s bad-faith action did not start running until the end of that appeal period. Accordingly, I must respectfully dissent and would affirm the Court of Appeals’ decision, which found that Harper’s bad-faith action is not time-barred.
¶ 17. This Court has held that a workers’ compensation claimant must receive a favorable determination as to compensation before being able to bring a bad-faith action in circuit court for failure to pay workers’ compensation benefits. Citing and reaffirming past opinions, this Court recently explained:
We recognize that our precedent requires only a determination that a plaintiff is “entitled” to compensation before a bad-faith action may be brought. Walls v. Franklin Corp., 797 So.2d 973 (Miss.2001); McCain v. Northwestern Nat'l Ins., 484 So.2d 1001, 1002 (Miss.1986) (“[a] prerequisite to the award of punitive damage is the determination that the plaintiff is entitled to contractual damages”); Dial v. The Hartford Accident and Indem. Co., 863 F.2d 15, 17 (5th Cir.1989) (“[The plaintiff] must exhaust the administrative remedy provided and establish his entitlement to workers’ compensation in that process prior to commencing a court action for tort damages for the same failure to pay his claim.”); Miss. Power & Light, Co. v. Cook, 832 So.2d 474, 480 (Miss.2002) (“Really the only test set out [for damages for bad faith] is whether the injury is compensable.... ”).
Bullock, 995 So.2d at 723. Thus, not until there is a determination that a claimant is entitled to workers’ compensation benefits, can a claimant bring a bad-faith claim and will the statute of limitations on the bad-faith claim begin to run. The key question, therefore, is at what point does a claimant become entitled to workers’ compensation benefits.
¶ 18. More than fifty years ago, in T.C. Fuller, this Court established that a claimant does not become entitled to an award of workers’ compensation benefits until the thirty-day appeal period specified in Section 71-3-51 has lapsed. T.C. Fuller, 95 So.2d at 478. The T.C. Fuller court held that an award (or any installment on an award) becomes due and payable at the end of the thirty-day appeal period, not on the date the award was issued. Id. In making this finding, the T.C. Fuller court had to interpret the language used in Section 71-3-51.[8] It held:
This section says that ‘the final award of the commission shall be conclusive and binding unless ’ either party shall within thirty days appeal. (Emphasis ours.) We think that this language of the section clearly evinces a legislative intent to postpone the conclusiveness and finality of the order until the expiration of the thirty days allowed for appeal.
Id. Thus, this Court has long held that an award of the Commission does not become final until the end of the thirty-day appeal period.
¶ 19. This Court recently reaffirmed this holding in Bullock. The Bullock court, tasked with determining when the statute of limitations on Bullock’s bad-faith claim began to run, had to interpret Mississippi Code Section 71-3-47, a statute strikingly similar to Section 71-3-51 but regarding the appeal period following the *407 decision of the administrative law judge (i.e., the Commission’s representative) as opposed to the appeal period following the decision of the Commission. Section 71-3-47, in pertinent part, provides:
Informal conferences and hearings in contested cases may be conducted by a duly designated representative of the commission. Upon the conclusion of any such hearing, the commission’s representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. This decision shall he final unless within twenty (20) days a request or petition for review by the full commission is filed.
Miss.Code. Ann. § 71-3-47 (Rev. 2000) (emphasis added). The Bullock court, immediately after quoting this statutory language, explained: “The statute provides that it is the decision to ‘make or deny an award’ which becomes final if a petition for review is not sought within twenty days.” Bullock, 995 So.2d at 721 (citing Miss. Code. Ann. § 71-3-47 (Rev. 2000)) (emphasis added). In other words, the decision of the Commission’s representative does not become final until the end of the twenty-day period within which the parties may appeal.
¶ 20. Recall that Section 71-3-51 — the statute at issue in the instant case — provides in pertinent part:
The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.
Miss.Code. Ann. § 71-3-51 (Rev. 2000). Both Section 71-3-47 and Section 71-3-51 state that the award/decision at issue “shall be” final, conclusive, and binding “unless” either party appeals the award within the time period set forth in the statute. As just explained, in Bullock, this Court interpreted this language to mean that the award “becomes final” if neither party appeals within the allowable time period. Bullock, 995 So.2d at 721 (emphasis added). Thus, it follows that Section 71-3-51 provides that the award of the Commission becomes final, conclusive, and binding if (and only if) neither party appeals the Commission’s award within thirty days.
¶ 21. Therefore, in the instant case, the Commission’s award did not become final, conclusive, and binding until the thirty-day appeal period lapsed, which means that Harper could not have brought her bad-faith action — and the statute of limitations on her bad-faith action did not start running — until the end of the thirty-day appeal period.
¶ 22. Accordingly, based on this Court’s long-standing, recently-reaffirmed precedent, I must respectfully dissent and would affirm the Court of Appeals’ decision finding that Harper’s bad-faith action is not time-barred.
RANDOLPH, KITCHENS and PIERCE, JJ., JOIN THIS OPINION.

. The T.C. Fuller Court had to interpret Section 6998-26, Code of 1942. Section 6998-26 is the statute from which Section 71-3-51 was derived, and it includes language identical to the relevant language of Section 71-3-51.