# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01790-COA

**VINCE HARDAWAY**                                                          **APPELLANT**

**v.**

**HOWARD INDUSTRIES, INC. AND CORVEL**                    **APPELLEES**
**ENTERPRISE COMP. INC. F/K/A SAFETY RISK**
**SERVICES**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2014 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JONATHAN B. FAIRBANK |
| ATTORNEYS FOR APPELLEES: | RICHARD LEWIS YODER JR. RICHARD T. LAWRENCE RICHARD L. YODER |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| TRIAL COURT DISPOSITION: | DISMISSED WITH PREJUDICE |
| DISPOSITION: | AFFIRMED IN PART, REVERSED AND RENDERED IN PART - 05/24/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2014-CA-01792-COA

**TOMMIE MCCRAY**                                                          **APPELLANT**

**v.**

**HOWARD INDUSTRIES, INC.**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2014 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |

ATTORNEY FOR APPELLANT:        JONATHAN B. FAIRBANK
ATTORNEYS FOR APPELLEE:        RICHARD L. YODER
                               RICHARD LEWIS YODER JR.

NATURE OF THE CASE:            CIVIL - INSURANCE
TRIAL COURT DISPOSITION:       DISMISSED WITH PREJUDICE
DISPOSITION:                   AFFIRMED IN PART, REVERSED AND
                               RENDERED IN PART - 05/24/2016

MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     A workers' compensation claimant cannot maintain an independent action for bad

faith denial of benefits until the underlying claim for the benefits is final.  Vince Hardaway

and Tommie McCray filed separate lawsuits in the Jones County Circuit Court against their

employer, Howard Industries (Howard), alleging bad faith refusal to investigate and pay their

workers' compensation claims for temporary partial disability (TPD).  Hardaway's lawsuit

also named CorVel Enterprise Company (CorVel), Howard's workers' compensation claims

administrator, as a defendant.  Because Hardaway's and McCray's underlying claims for

TPD benefits were not final when they filed suit, we affirm the circuit court's dismissal of

the cases.  However, we do so on grounds different from the circuit court, and we reverse and

render the judgments as dismissals without prejudice.

### FACTS[1] AND PROCEDURAL HISTORY

**I.      Vince Hardaway**

---

[1] "On motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil
Procedure, the well-pleaded factual allegations of the complaint are taken as true . . . ." *Rein
v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1142 (¶24) (Miss. 2004).

2

¶2.    On July 9, 2009, Hardaway developed bilateral carpal tunnel syndrome while an employee of Howard. Thereafter, Hardaway worked "intermittently" at Howard under certain medical limitations and restrictions. These limitations prevented him from working the same number of hours as prior to his injury. Hardaway claimed that this reduction in hours worked entitled him to TPD benefits under Mississippi Code Annotated section 71-3-21 (Rev. 2015).

¶3.    On January 18, 2011, Hardaway filed a petition to controvert with the Mississippi Workers' Compensation Commission (Commission), and on February 7, 2011, he filed a motion to compel TPD benefit payments in the underlying case. On March 4, 2011, Howard paid Hardaway $4,782.33 for his alleged TPD benefits, but Howard and Hardaway did not settle his claim at that time.

¶4.    On February 12, 2014, Hardaway filed a complaint against Howard in the Jones County Circuit Court. Hardaway alleged that Howard had acted in bad faith by refusing to investigate or pay his claim for TPD benefits. Hardaway also named Howard's workers' compensation claims administrator, Corvel, as a defendant.

¶5.    Hardaway's underlying claim for TPD benefits had not been finally adjudicated when he filed suit. Although the administrative judge ruled in favor of Hardaway in July 2013, Howard filed a petition for review by the Commission. In April 2014, the Commission affirmed the administrative judge's determination that Hardaway suffered a compensable injury; however, the Commission amended the administrative judge's calculation of TPD benefits. Howard then appealed the Commission's ruling. On September 15, 2015, this

Court issued an opinion affirming the Commission. *Howard Indus. Inc. v. Hardaway*, No. 2014-WC-00696-COA, 2015 WL 5332325 (Miss. Ct. App. Sept. 15, 2015). We denied Howard's motion for rehearing on February 16, 2016, and on May 19, 2016, the Mississippi Supreme Court denied Howard's petition for a writ of certiorari.

## II.    Tommie McCray

¶6.    In June 2009, McCray injured her left wrist while employed at Howard. Around July 2010, McCray developed carpal tunnel syndrome in her right wrist while employed at Howard. McCray returned to work at Howard, but due to medical restrictions, she worked fewer hours than she had prior to her injuries. McCray claimed that she was entitled to TPD benefits based on her reduced earning capacity.

¶7.    McCray filed two petitions to controvert with the Commission. In November 2012, Howard paid McCray $986.72 for TPD benefits arising from her June 2009 injury, and in April 2013, Howard paid McCray $2,196.51 for TPD benefits arising from her July 2010 injury. However, McCray and Howard did not settle McCray's claims.

¶8.    McCray alleges that Howard acted in bad faith by refusing to investigate and pay her claim for TPD benefits in a timely fashion. On February 12, 2014, McCray filed suit against Howard in the Jones County Circuit Court alleging bad faith failure to pay workers' compensation benefits.

¶9.    McCray's underlying claim for TPD benefits had not been finally adjudicated when she filed suit. The administrative judge ruled in favor of McCray in December 2013, but Howard appealed that ruling—including its award of TPD benefits—to the Commission. On

4

September 29, 2014, the Commission affirmed the administrative judge's order as modified. *McCray v. Howard Indus. Inc.*, MWCC Nos. 0908739-M-0443 & 1203931-M-1724, 2014 WL 5094061 (Miss. Work. Comp. Comm'n Sept. 29, 2014). No appeal was taken from the Commission's ruling.

### III. Circuit Court Proceedings

¶10. Howard filed essentially identical motions to dismiss Hardaway's and McCray's complaints. Howard argued that the circuit court lacked jurisdiction because Hardaway's and McCray's underlying claims for workers' compensation benefits were not yet final. Howard also argued that the complaints failed to state a claim upon which relief could be granted. Citing the Commission's June 8, 2012 order in a separate proceeding, *In re Howard Industries Inc.*,[2] Howard essentially contended that—as a matter of law—it had no duty to pay TPD benefits until ordered specifically to do so by an administrative judge.

¶11. CorVel's answer to Hardaway's complaint asserted a number of defenses, including that Hardaway's bad faith claim was "premature" because his underlying workers' compensation claim had not been "finally adjudicated."

¶12. The circuit court granted Howard's motions to dismiss under Rule 12(b)(6). Citing *In re Howard Industries*, the circuit court adopted Howard's argument that the complaints failed to state a claim upon which relief could be granted because it was "impossible for [TPD] benefits to be late"—i.e., denied in bad faith—until there had been a hearing on the issue before an administrative judge.

---

[2] That order is available at http://www.mwcc.state.ms.us/ords/9999999061912.pdf.

¶13. CorVel then moved to dismiss Hardaway's claims against it based on the reasoning of the circuit court's order dismissing his claims against Howard. On December 2, 2014, the circuit court granted CorVel's motion and dismissed Hardaway's suit "with prejudice as to all defendants."

¶14. Both Hardaway and McCray timely appealed, and the Supreme Court granted CorVel's unopposed motion to consolidate the appeals.

## DISCUSSION

¶15. Hardaway and McCray contend that the circuit court erred in dismissing their cases for failure to state a claim upon which relief could be granted. We review a circuit court's dismissal of a claim under Rule 12(b)(6) de novo. *Bevis v. Linkous Constr. Co.*, 856 So. 2d 535, 539 (¶6) (Miss. Ct. App. 2003). "We . . . accept as true all well-pled factual allegations in the complaint," and we will affirm only if "it appears beyond doubt that the plaintiff would be unable to prove any set of facts that would support a right of recovery." *Id.*

¶16. Mississippi law recognizes that a claimant may have an independent cause of action in tort for bad faith refusal to pay workers' compensation benefits when an insurance carrier or self-insured employer denies benefits without a legitimate or arguable basis, commits a willful or malicious wrong, or acts with gross and reckless disregard for the claimant's rights. *See Miss. Power & Light Co. v. Cook*, 832 So. 2d 474, 479 (¶¶8-9) (Miss. 2002); *Chapman v. Coca-Cola Bottling Co.*, 180 So. 3d 676, 681 (¶20) (Miss. Ct. App. 2015); *Walls v. Franklin Corp. (Walls II)*, 177 So. 3d 1156, 1163 (¶30) (Miss. Ct. App. 2015); *AmFed Cos. v. Jordan*, 34 So. 3d 1177, 1183 (¶21) (Miss. Ct. App. 2009). However, the Commission has

6

exclusive jurisdiction to determine in the first instance whether the claimant is entitled to such benefits. Therefore, the claimant must obtain a final judgment from the Commission that he is entitled to benefits—i.e., he must exhaust his administrative remedies—before instituting an action for the alleged bad faith denial of those benefits. *See Harper v. Cal-Maine Foods Inc.*, 43 So. 3d 401, 403 (¶5) (Miss. 2010); *Bullock v. AIU Ins.*, 995 So. 2d 717, 723 (¶21) (Miss. 2008); *Walls v. Franklin Corp.* (*Walls I*), 797 So. 2d 973, 976-77 (¶¶16-18) (Miss. 2001); *Walls II*, 177 So. 3d at 1161-63 (¶¶24-33). If the Commission's decision is appealed, the judgment is not considered final—and the claimant's bad faith claim does not accrue—"until a final mandate has issued from the appeals process." *Harper*, 43 So. 3d at 403 n.3 (discussing the commencement of the statute of limitations on a bad faith claim); *see Walls II*, 177 So. 3d at 1163 (¶33) ("[T]he requirement to exhaust administrative remedies before filing a lawsuit for bad faith ensures that the proper body—the Commission—adjudicates [the underlying claim]" and "also marks when the statute of limitations begins to run."). This requirement to exhaust administrative remedies does not mean that "conduct *prior to* the exhaustion of administrative remedies cannot form the basis of a bad-faith lawsuit." *Walls II*, 177 So. 3d at 1163 (¶33) (emphasis in original). It only means that the lawsuit cannot be filed and maintained until the claimant first obtains a final judgment that the benefits at issue are compensable. *See id.*

¶17. As recounted above, Hardaway and McCray filed their bad faith lawsuits prior to obtaining a final judgment that they were entitled to the benefits allegedly denied in bad faith. Accordingly, binding precedent clearly dictated dismissal of Hardaway's and McCray's

7

complaints.

¶18.    Although Hardaway's and McCray's claims were correctly dismissed, they should have been dismissed *without prejudice* for failure to exhaust administrative remedies.  *See Whitehead v. Zurich Am. Ins.*, 348 F.3d 478, 480-82 (5th Cir. 2003); *Kitchens v. Liberty Mut. Ins.*, 659 F. Supp. 467, 469-70 (S.D. Miss. 1987); *see also Chevron U.S.A. Inc. v. Smith*, 844 So. 2d 1145, 1149 (¶15) (Miss. 2002) (dismissal for failure to exhaust administrative remedies should be without prejudice).  A ruling that a plaintiff's claim is premature is not a ruling on the merits of the claim.  Accordingly, although we affirm the circuit court's dismissal, we will reverse and render the judgment as a dismissal without prejudice.

¶19.    The circuit court dismissed theses cases with prejudice[3] because it adopted Howard's argument that it is "impossible" for an employer to deny TPD benefits in bad faith until the employer has been specifically ordered to make such payments by an administrative judge.  As noted above, Howard's argument and the circuit court's order both relied on a decision of the Commission in a separate proceeding, *In re Howard Industries.*  However, Howard reads too much into that decision.

¶20.    *In re Howard Industries* involved a motion filed by multiple claimants to revoke

---

[3] The circuit court expressly dismissed Hardaway's complaint "with prejudice."  The order of dismissal in McCray's case did not specifically state that the dismissal was with prejudice, but that was its clear intent, as the order addressed the substantive merits of her claims, not the procedural issue of exhaustion of remedies, and concluded that it would be "impossible" for her to state a viable claim for bad faith denial of TPD benefits.  *See also* M.R.C.P. 41(b) ("Unless the court in its order of dismissal otherwise specifies, a dismissal . . . , other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."); *Nagle v. Lee*, 807 F.2d 435, 442 (5th Cir. 1987) (discussing the substantively identical language of F.R.C.P. 41(b)); *Rinehart v. Locke*, 454 F.2d 313, 314-15 (7th Cir. 1971) (same).

Howard's self-insured status.[4] In denying that motion, the Commission simply rejected the argument "that a claimant is *conclusively* entitled to [TPD] benefits immediately upon the establishment of decreased actual post-injury earnings with his employer." *In re Howard Indus.* at 5, 6 (emphasis added). The Commission declined to reach the merits of any specific claimant's entitlement to TPD benefits and made clear that—depending on the facts and circumstances of a particular case—the difference between pre- and post-injury earnings *may or may not* support a claim for TPD benefits. *See id.* at 3-24. The Commission stated a claim for TPD benefits should be decided after a hearing before an administrative judge rather than on a motion to revoke the employer's self-insured status, *see id.* at 8, 21, 23, but it did not hold or suggest that an employer *never* has an obligation to pay such benefits until specifically ordered to do so. Moreover, the Commission expressly stated that the question whether any of the movants might be "successful . . . in a bad faith lawsuit against Howard in the context of [TPD] would be for a court of proper jurisdiction to determine in the event such is filed." *Id.* at 13. The Commission stated that it had "no jurisdiction over a 'bad faith' lawsuit" and, therefore, made "no . . . findings in . . . regard" to such a claim. *Id.* Accordingly, we do not believe that anything in the Commission's decision should be read to foreclose a claim for bad faith denial of TPD benefits.

¶21. As discussed above, Mississippi has long recognized that a claimant may maintain an action in tort for an insurance carrier's or self-insured employer's bad faith refusal to

---

[4] The Commission's decision does not identify the claimants who filed the motion. At the hearing in the circuit court, Hardaway's attorney mentioned that Hardaway was one of those claimants.

investigate or pay workers' compensation benefits. *See S. Farm Bureau Cas. Ins. v. Holland*, 469 So. 2d 55, 56-59 (Miss. 1984). Moreover, as this Court recently made clear, a defendant's "conduct *prior to* the exhaustion of administrative remedies" may give rise to a claim for bad faith. *Walls II*, 177 So. 3d at 1163 (¶33). None of our precedents have suggested that a delay in paying or denial of TPD benefits cannot, as a matter of law, supply the basis for such a claim—i.e., no case holds or suggests that such action is *never* in "bad faith." If a claimant establishes that such benefits were delayed or denied without a legitimate or arguable basis, willfully and maliciously, or with reckless disregard for the claimant's rights, then the claimant may be able to recover in tort. *See Chapman*, 180 So. 3d at 681 (¶20). The Commission's decision in *In re Howard Industries* explains that a claimant's entitlement to TPD benefits may depend on a number of factors in addition to his pre- and post-injury earnings. Therefore, on the facts of a particular case, it may be difficult for a claimant to prove bad faith. But that possible difficulty does not support Howard's argument that, in all cases, it is "impossible" for the delay or denial of such benefits to amount to bad faith.

## CONCLUSION

¶22. Neither Hardaway's nor McCray's claim for TPD benefits was final at the time they filed bad faith lawsuits against Howard and CorVel. Accordingly, Hardaway's and McCray's complaints were due to be dismissed without prejudice based on the failure to exhaust administrative remedies. However, we reject Howard's argument that a claim for bad faith denial or failure to investigate a claim for TPD benefits necessarily fails to state a

10

claim upon which relief could be granted. Accordingly, the complaints should not have been dismissed with prejudice. We reverse and render the judgments as dismissals without prejudice.

¶23.    **THE JUDGMENTS OF THE JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, DISMISSING THE COMPLAINTS ARE AFFIRMED. THE DISMISSALS WITH PREJUDICE ARE REVERSED AND RENDERED AS DISMISSALS WITHOUT PREJUDICE. ALL COSTS OF THESE APPEALS ARE ASSESSED EQUALLY BETWEEN THE APPELLANTS AND APPELLEES.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES AND GREENLEE, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.**