HAWKINS, Presiding Justice,
for the Court:
Sandra H. Price, individually and as administrator of the estate of Stephen I. Price, appeals the dismissal of her Federal Employers’ Liability Act (FELA) claim, 45 U.S.C. § 51, et seq., in the circuit court of Pike County because barred by the three-year limitation period of 45 U.S.C. § 56. The only issue on this appeal is whether this action is time barred by the federal statute. We affirm.
FACTS
On July 13, 1986, Stephen I. Price, a resident of McComb, filed an action in the circuit court of Mobile County, Alabama, against Illinois Central Gulf Railroad Company, a Delaware corporation, under the provisions of the Federal Employers’ Liability Act, U.S.C. § 51, et seq., for injuries he allegedly received in the course of his employment on June 7, 1985. At that time Price was an engineer with the railroad company at the Jackson Brick Yards in Hinds County, Mississippi.
On December 11, 1986, before his case went to trial, Mr. Price died of injuries unrelated to his prior alleged work-related injury.
On January 19, 1987, Illinois Central filed a suggestion of death as provided under Alabama Rule of Civil Procedure 25(a)(1). Pursuant to this rule, Price’s estate had six months in which to substitute a proper representative as party-plaintiff. No one, however, substituted a party for Mr. Price.
On July 31, 1987, Illinois Central filed a motion to dismiss the suit with prejudice since Mr. Price’s estate failed to substitute a proper representative for the decedent.
On November 9, 1987, the Circuit Court of Mobile County, Alabama, denied Illinois Central’s motion to dismiss the action with prejudice and then dismissed the case without prejudice. The court certified for interlocutory appeal to the Alabama Supreme Court the question of whether the failure of a party to timely substitute pursuant to ARCP 25(a)(1) would require a court to dismiss the action with prejudice.
In the meantime, on March 11, 1988, within the three-year statute of limitations for FELA actions, Sandra Price as a representative of her husband’s estate, filed another FELA action against Illinois Central in the Civil District Court for the Parish of Orleans, Louisiana.
On December 9, 1988, the Alabama Supreme Court, after considering the interlocutory appeal, ordered that Mr. Price’s FELA suit be dismissed with prejudice. Illinois Cent. Gulf R. Co. v. Price, 539 So.2d 202 (Ala.1988). Pursuant to the order, the Circuit Court of Mobile County, Alabama, dismissed Mr. Price’s action on December 12, 1988.
Shortly after the Alabama court dismissed Mr. Price’s action with prejudice, Illinois Central filed a peremptory exception of res judicata asking the Civil District Court of Orleans in Louisiana to order that Mrs. Price’s action was barred on the grounds of res judicata. On April 27, 1989, the Louisiana court held that the case was barred on the grounds of res judicata.
Before the Louisiana court dismissed Mrs. Price’s action, Mrs. Price on April 20, 1989, filed a third FELA suit against Illinois Central in the Circuit Court of Pike County, Mississippi.
On May 25, 1989, Illinois Central filed a motion to dismiss the circuit court action on the grounds of res judicata and/or in the alternative, failure to file within the three-year statute of limitations of 45 U.S.C. § 56 under the FELA.
On July 31, 1989, the Pike County Circuit Court dismissed Mrs. Price’s action on the ground that the action was barred by the *1281 three-year statute of limitation as set forth in 45 U.S.C. § 56.
Mrs. Price filed a motion for reconsideration on the basis that the Pike County Circuit Court did not adjudicate the res judicata issue raised in Illinois Central’s motion. On August 21, 1989, Judge Pigott subsequently entered an order vacating his earlier order and holding that Mrs. Price’s action was not res judicata but it was barred by the three-year statute of limitations of the FELA.
Mrs. Price now appeals, alleging that the Pike County Circuit Court erred in holding that her action was barred by the statute of limitations.
LAW
45 U.S.C. § 56 provides:
§ 56. Actions; limitations; concurrent jurisdiction of courts
No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.
Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.
In Burnett v. New York Central Railroad Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), Burnett, a resident of Kentucky, began an FELA action in state court in Hamilton County, Ohio, for injuries received in Indiana during his employment with the railroad company. Under a statute peculiar to that state, venue of actions against a railroad was restricted to the county of the plaintiff’s residence or the county where the injury occurred. Ohio Rev. Code § 2307.37. The state court dismissed his action because of improper venue. Eight days after the dismissal of his complaint, Burnett filed a second complaint in the United States District Court for the Southern District of Ohio. The federal court complaint was filed after three years had lapsed from the date of his injury. The United States Supreme Court reversed the lower court’s dismissal of the complaint.
Ohio had a “savings” statute, Ohio Rev. Code § 2305.19, similar to our Miss.Code Ann. § 15-1-69, giving a plaintiff whose cause had been dismissed for procedural reasons an additional year in which to file an action in a proper court. The U.S. Supreme Court held that such statutes are inapplicable to actions brought under the FELA because it would render 45 U.S.C. § 56 subject to the various states’ savings statutes, which could not have been the congressional intent. 380 U.S. at 432, 435, 85 S.Ct. at 1057, 1058.
The Court did hold that where a timely FELA action is begun in a state court having jurisdiction, and the case is dismissed for improper venue, the FELA time limitation is tolled during the pendency of the state suit and until the state court order dismissing the action becomes final. Under such circumstances the running of the statute is “equitably tolled.” The Court noted that this action was timely filed in a state court having jurisdiction of the cause and parties, and under Ohio law had the cause been transferable, as a federal court would have done under federal statute, 28 U.S.C. § 1406(a), the state trial court would simply have transferred the cause to a court which had venue. Again, to follow Ohio law would make the running of the federal statute dependent upon variable state statutes, and was objectionable for the same reason the Court declined to follow the various states’ “savings” statutes. 380 U.S. at 434, 85 S.Ct. at 1057. “Petitioner here did not sleep on his rights but brought an action within the statutory period in a state court of competent jurisdiction.” 380 U.S. at 429, 85 S.Ct. at 1055.
In Covey v. Arkansas River Co., 865 F.2d 660 (5th Cir.1989), plaintiff filed suit in an Illinois state court, which was dismissed for lack of jurisdiction, following which she filed another action in a U.S. district court in Missouri. Again, the suit *1282 was dismissed for lack of jurisdiction. Thirteen days later suit was filed in the United States district court for the Northern District of Mississippi, but a little over two months after the three years had run. The suit was under the Jones Act, which incorporates 45 U.S.C. § 56. The court of appeals affirmed dismissal of the action. "... even if we were to apply the doctrine of equitable tolling, Covey has failed to demonstrate that she is a proper candidate to receive the benefits of equity.” 865 F.2d at 662.
For this Court to apply the doctrine of equitable tolling to the facts of this case would broaden considerably its interpretation in Burnett and Covey. This we are not at liberty to do.
We accordingly affirm the circuit court’s dismissal of this action as being barred by 45 U.S.C. § 56.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
DAN M. LEE, P.J., and McRAE, J., DISSENT.