IN THE SUPREME COURT OF MISSISSIPPI

NO. 2013-CA-00414-SCT

*JAMES ALLEN BURCH, WILLIAM HAROLD
BURCH, AND NANCY BURCH MCCLOUD, AS
WRONGFUL DEATH BENEFICIARIES OF
HAROLD E. BURCH, DECEASED*

*v.*

*ILLINOIS CENTRAL RAILROAD COMPANY*

DATE OF JUDGMENT:              02/12/2013
TRIAL JUDGE:                   HON. JEFF WEILL, SR.
COURT FROM WHICH APPEALED:     HINDS COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:      JOHN TIMOTHY GIVENS
                               TIMOTHY W. PORTER
                               PATRICK C. MALOUF
ATTORNEY FOR APPELLEE:         STEPHANIE CAMILLE REIFERS
NATURE OF THE CASE:            CIVIL - WRONGFUL DEATH
DISPOSITION:                   AFFIRMED - 04/24/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE DICKINSON, P.J., LAMAR AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.    Plaintiffs filed a wrongful death suit against Illinois Central for the death of their

father.  The case was dismissed because the three-year statute of limitations had run.

Plaintiffs appealed, claiming that the statute of limitations had not expired, because it was

tolled while the first suit, filed by the plaintiffs' mother, was pending.

**Facts and Procedural History**

¶2.    Harold Burch worked for Illinois Central Railroad Company from 1950 to 1983.  The

plaintiffs claim that Harold was exposed to asbestos during that time.  Harold was diagnosed

with asbestosis and lung cancer, and he died in August 2006. Harold's widow, Frances

Burch, individually and on behalf of Harold's wrongful death beneficiaries, filed suit against

Illinois Central in April 2009. Frances died in September 2011 while the suit was pending,

and Illinois Central filed a suggestion of death. Frances's attorneys failed to file a motion

for substitution of parties within ninety days as required, so Illinois Central filed a motion

to dismiss. Frances's counsel did not respond to the motion to dismiss until five months

later, after being ordered to do so by the court. After a hearing, the case was dismissed

without prejudice in September 2012. The following day, Harold's children filed a second

complaint as Harold's wrongful death beneficiaries. Illinois Central moved to dismiss,

asserting that the statute of limitations had expired. The plaintiffs claimed that the statute of

limitations had not expired because it had been tolled during the pendency of the first

lawsuit. The circuit court found that the statute of limitations had run, and the case was

dismissed. The plaintiffs appealed.

**Discussion**

¶3.     The issue on appeal is whether the doctrine of equitable tolling applied and tolled the

statute of limitations while the first suit was pending. The standard of review for a trial

court's grant or denial of a motion to dismiss is de novo. *Foss v. Williams*, 993 So. 2d 378,

382 (¶ 17) (Miss. 2008) (quoting *Burleson v. Lathem*, 968 So. 2d 930, 932 (Miss. 2007)).

The de novo standard also applies to the application of a statute of limitations, which is a

question of law. *Sarris v. Smith*, 782 So. 2d 721, 723 (¶ 6) (Miss. 2001) (citing *ABC Mfg.*

*Corp. v. Doyle*, 749 So. 2d 43, 45 (Miss. 1999)).

2

¶4. The time limit for filing a claim under the Federal Employers Liability Act (FELA) is "three years from the day the cause of action accrued." 45 U.S.C. § 56 (2006). Frances timely filed the original complaint within the three-year statute of limitations. Plaintiffs maintain that the statute of limitations was tolled while Frances's case was pending; therefore, when the plaintiffs filed the second complaint one day after the first suit was dismissed, they were still within the statute of limitations. Illinois Central argues that the doctrine of equitable tolling does not apply because the plaintiffs "slept on their rights," the result of which was having the first suit dismissed for failure to substitute parties. Thus, it is Illinois Central's position that the statute of limitations had expired by the time the plaintiffs filed the second complaint more than six years after Harold died.

¶5. Illinois Central relies on the case of *Price v. Illinois Central Gulf Railroad Co.*, 584 So. 2d 1279 (Miss. 1991). In 1986, Stephen Price filed suit against Illinois Central in Alabama, but he died several months later while the suit was pending. *Price*, 584 So. 2d at 1280. Illinois Central filed a suggestion of death, but no one was substituted, and the case was dismissed without prejudice. *Id.* On interlocutory appeal, the Alabama Supreme Court ordered that the suit be dismissed *with* prejudice. *Id.* While the interlocutory appeal was pending in Alabama, Price's widow filed suit against Illinois Central in Louisiana. *Id.* After the Alabama case was dismissed with prejudice, the Louisiana case was dismissed on the ground of *res judicata*. *Id.* Before the Louisiana case was dismissed, but after the expiration of the statute of limitations, Price's widow filed a third suit in Mississippi. *Id.* The Mississippi case was dismissed as barred by the three-year statute of limitations for FELA cases. *Id.* at 1281. This Court affirmed the dismissal. *Id.* at 1282.

¶6.     The *Price* Court discussed *Burnett v. New York Central Railroad Co.*, 380 U.S. 424 (1965), in which the Supreme Court held that "when a plaintiff begins a timely FELA action in a state court of competent jurisdiction . . . and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action." *Burnett*, 380 U.S. at 428.  In determining whether the statute of limitations should be tolled, the Supreme Court wrote that "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Id.* at 427.  Thus, the statute of limitations will not be tolled in every circumstance in which the original complaint was timely filed; rather, the courts must consider the circumstances at issue and whether tolling would effectuate the congressional purpose of the statute.  The Court went on to explain:

> Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them. . . . Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.

*Id.* at 428 (citations omitted).  The *Burnett* Court applied the doctrine of equitable tolling because the plaintiff "did not sleep on his rights but brought an action within the statutory period in a state court of competent jurisdiction." *Id.* at 429.  Such was not the case in *Price*, and this Court held that to apply equitable tolling in *Price* "would broaden considerably" the doctrine as applied in *Burnett*. *Price*, 584 So. 2d at 1282.  Thus, the Court affirmed dismissal of the action because the statute of limitations had expired. *Id.*

4

¶7.     Although not in a FELA case, this Court has held that "when an action is dismissed without prejudice for failure to prosecute, the statute of limitations does not toll, and the parties are left in the same position as if they had never filed the action." ***Knight v. Knight***, 85 So. 3d 832, 837-38 (¶ 30) (Miss. 2012).[1] The ***Knight*** Court reasoned that "[a]llowing the statute to toll in such a situation presents an opportunity for abuse of process, potentially allowing cases to be dismissed and refiled for a period of years or even decades[, which] would reward plaintiffs who sleep on their rights and would lead to unjust results." ***Id.*** Notably, the Court concluded by writing:

> This holding, however, does not mean that all cases dismissed without prejudice after the statute of limitations has expired cannot be refiled. Some will be revived by the savings statute,[2] equitable tolling, or otherwise. Our

---

[1] The ***Knight*** Court cited several cases from other states in which the courts reached this conclusion. *See* ***Knight***, 5 So. 3d at 836-37 (¶¶ 27-29) (citing, *inter alia*, ***King v. Lujan***, 646 P.2d 1243, 1244-45 (N.M. 1982) (". . . we adopt the view that even though the filing of a suit ordinarily tolls the applicable limitations period, when an action is dismissed without prejudice because of a failure to prosecute, the interruption is considered as never having occurred. . . . A party who has slept on his rights should not be permitted to harass the opposing party with a pending action for an unreasonable time. . . . Furthermore, the courts should not distinguish between a plaintiff who takes no action before the limitations period expires and a plaintiff who files a complaint before the period expires but who thereafter takes no action."); ***Suppeland v. Nilz***, 623 P.2d 832, 835 (Ariz. Ct. App. 1980) ("even though the filing of a suit ordinarily tolls the applicable limitations period, when an action is dismissed without prejudice because of a failure to prosecute, the interruption is considered as never having occurred"); ***Shaw v. Corcoran***, 570 S.W.2d 96, 98 (Tex. App. 1978) (same); ***Owens v. Weingarten's Inc.***, 442 F. Supp. 497, 498 (W.D. La. 1977) (same).

[2] Mississippi's savings statute gives plaintiffs an additional year to "commence a new action for the same cause" if the original case is dismissed due to "the death of any party thereto, or for any matter of form." Miss. Code Ann. § 15-1-69 (Rev. 2012). The savings statute does not help the plaintiffs here, however, because the United States Supreme Court has held that states' savings statutes do not apply to FELA cases. ***Price***, 584 So. 2d at 1281 (discussing ***Burnett***, 380 U.S. at 432-33).

narrow holding here is merely that dismissal without prejudice for want of prosecution does not toll the statute of limitations.

*Id.* at 838 (¶ 31).

¶8.    According to Rule 25 of the Mississippi Rules of Civil Procedure, upon the death of one party, a "motion for substitution" must be made "within ninety days after the death is suggested" or "the action shall be dismissed without prejudice." Miss. R. Civ. P. 25(a)(1). The comment to that rule provides:

> The general provisions of MRCP 6(b) apply to motions to substitute; accordingly, the court may extend the period for substitution if timely requested. Similarly, the court may allow substitution to be made after the expiration of the ninety day period on a showing that the failure to act earlier was the result of excusable neglect.

Miss. R. Civ. P. 25(a)(1) cmt.  This Court recently defined "excusable neglect" under Rule 25, applying principles that have long applied in the context of Rule 4:

> [S]imple inadvertence, mistake of counsel, or ignorance of the rules usually does not constitute excusable neglect. *Stutts v. Miller*, 37 So. 3d 1, 4 (¶ 9) (Miss. 2010); *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1186 (¶ 11) (Miss. 2002). Excusable neglect is "a very strict standard." *Webster v. Webster*, 834 So. 2d 26, 29 (¶ 11) (Miss. 2002). Good cause and excusable neglect have been linked inexorably to one another, as a showing of good cause has been said to require at least as much as a showing of excusable neglect. *Id.* at 28 (¶ 4).

*Clark v. Knesal*, 113 So. 3d 531, 539-40 (¶ 29) (Miss. 2013).

¶9.    Frances's counsel did not attempt to show good cause for failing to substitute a party. In their response to Illinois Central's motion to dismiss – filed more than five months after the motion to dismiss was filed and nearly ten months after Frances died – counsel simply said that they had drafted but had failed to file a motion for substitution and that failure to do so had been merely an oversight.  As set forth above, the Court has held that inadvertence

6

and mistake of counsel do not constitute excusable neglect. *Clark*, 113 So. 3d at 539-40 (¶ 29) (citations omitted). That is precisely what the trial judge held when he dismissed the first case, writing in the order that "[o]versight is not normally considered by the courts to be excusable neglect." We apply "an abuse of discretion standard to a trial court's findings of fact concerning the existence or lack of good cause or excusable neglect." *Clark*, 113 So. 3d at 539 (¶ 28) (citing *Long v. Mem'l Hosp. at Gulfport*, 969 So. 2d 35, 38 (¶ 5) (Miss. 2007)). And we cannot say that the trial judge abused his discretion in finding that there was no excusable neglect.

¶10.    Harold died on August 31, 2006. Frances timely filed suit against Illinois Central on April 2, 2009. Frances died on September 16, 2011. After not hearing from her attorneys, Illinois Central filed a suggestion of death on October 28, 2011. No party was substituted for Frances; in fact, her attorneys did not even respond to the suggestion of death. The ninety-day period for substituting a party expired on January 26, 2012. On February 10, 2012, Illinois Central filed a motion to dismiss. Again, there was no response. Counsel for Frances did not reappear until July 11, 2012, after the court ordered them to respond to the motion to dismiss. After the trial judge dismissed the first suit, plaintiffs' counsel quickly filed the second complaint the next day, September 20, 2012. However, they immediately became unresponsive again. Illinois Central filed a motion to dismiss the second suit on October 23, 2012, but plaintiffs' counsel did not respond until January 31, 2013, four days before the hearing on that motion. Under these circumstances, the trial judge did not find evidence to support the plaintiffs' argument regarding the doctrine of equitable tolling. In essence, the plaintiffs "slept on their rights" by failing to substitute a party for Frances,

7

ignoring the suggestion of death, and ignoring the motion to dismiss. Relying on *Price*, the trial judge concluded that the statute of limitations had not been tolled, and the case was dismissed. We hold that the trial court did not err in finding that the doctrine of equitable tolling should not be applied and that the statute of limitations had expired when the plaintiffs filed the second complaint.

## Conclusion

¶11.    We affirm the trial court's dismissal of the case on the grounds that, because the doctrine of equitable tolling did not apply, the statute of limitations had expired by the time the plaintiffs filed the second complaint.

¶12.    **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, AND KING, JJ., CONCUR. RANDOLPH, P.J., AND PIERCE, J., NOT PARTICIPATING.**